# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TEXAS GAMEFOWL BREEDERS, STEVE PERRY, JOSE SALAS, AND JORGE VASQUEZ, §§§§§ *Plaintiffs*, § § v. § § LEWIS TATUM in his personal and § official capacity, CORLEY § WEATHERFORD in his personal and § official capacity, BARRY § WASHINGTON in his personal and § official capacity, ARTURO MUNOZ § in his personal capacity, and DOES 1- § 100 inclusive, all jointly and severally, § *Defendants*. § | CIVIL NO. 6:19-CV-00381-ADA-JCM |

## ORDER GRANTING DEFENDANTS LEWIS TATUM AND CORLEY WEATHERFORD'S MOTION TO DISMISS

Before the Court is Defendants Lewis Tatum ("Tatum") and Corley Weatherford's ("Weatherford") (collectively, "Defendants") Motion to Dismiss for Improper Venue, as authorized by Rule 12(b)(3), and Pursuant to Rule 12(b)(6). ECF No. 3. Plaintiffs timely sent their Response via certified mail on November 5, 2019, which was received and filed by the Court on November 9, 2019. ECF No. 4. The Court has considered the Motion, all relevant filings, and the applicable law. For the reasons set forth below, the Court finds that Defendants' Motion should be **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Plaintiffs Texas Gamefowl Breeders and Steve Perry ("Perry") are "fanciers" of Old English Gamefowl. ECF 1 at 8. Plaintiffs Jose Salas ("Salas") and Jorge Vasquez ("Vasquez")

1

are in the business of transporting birds, including specifically gamefowl. *Id.* Plaintiffs Texas Gamefowl Breeders and Perry entered into a contract with Vasquez to transport over 60 Heritage Old English Gamefowl from North Texas to Bryan, Texas. *Id.* On or around June 20, 2017, Plaintiff Salas, employed as a transport driver by Plaintiff Vasquez, was driving a van on Highway 30 through Sulphur Springs, Hopkins County, Texas, on his way to pick up birds from a breeder in Texarkana when Salas was pulled over by Defendant Washington. *Id.* at 8–9. Washington initially pulled Salas over for driving in the left lane, which was for passing only. *Id.* at 9. Washington then noticed the birds in Salas' vehicle, which gave rise to a lengthy conversation between Washington and Salas. *Id.* at 9–11. Eventually, Washington allegedly informed Salas that he wanted to search the van and proceeded to ask Salas to follow him to the nearest gas station where Defendant Weatherford showed up to assist Washington. *Id.* at 11.

Washington and Weatherford informed Salas that they were going to do a quick search of the van while at the gas station. *Id.* at 12. Defendants found a collection of knives in the front console of the van. *Id.* at 12. Salas was subsequently arrested for "engaging in cockfighting" and was transported to the Hopkins County Jail. *Id.* at 12–15. Salas was then incarcerated in the Hopkins County Jail and the birds were seized by SPCA in Hopkins County. *Id.* at 17–18. The facts that follow the alleged arrest are sporadic, lengthy, and difficult to follow. For the purpose of this Order, all of the alleged facts following the arrest only occurred in Hopkins County. *See id*. at 15–22.

### B.  Procedural Background

Plaintiffs filed their Complaint against Defendants in this Court on June 19, 2019. ECF No. 1. Defendants Tatum and Weatherford then filed this Motion to Dismiss for Improper Venue, as authorized by Rule 12(b)(3), and Pursuant to Rule 12(b)(6) on November 5, 2019.

ECF No. 3. Plaintiffs then filed its Response in Opposition to Defendants' Motion on December 9, 2019. ECF No. 4.

## II. LEGAL STANDARD

A party may move to dismiss an action based on improper venue pursuant to Rule 12(b)(3). Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper. *Am. Gen. Life Ins. Co. v. Rasche,* 273 F.R.D. 391, 396 (S.D. Tex. 2011) (citation omitted). On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x. 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). Thus, a plaintiff may show that venue is proper by "setting forth facts that taken as true would establish venue." *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994)).

If venue is improper, 28 U.S.C. § 1406(a) instructs district courts to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer lies solely within the court's discretion. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719–20 (W.D. Tex. 2013).

## III. ANALYSIS

Defendants argue this case should be dismissed because (1) venue is improper and (2) Plaintiffs fail to state a claim from which relief can be granted. However, because the Court finds the first argument dispositive, the Court will only address Defendants' improper venue argument. Defendants bring motions to dismiss under Rule 12(b)(3), arguing that venue is improper in the

Western District of Texas. ECF No. 3 at 3. More specifically, Defendants argue that no named defendant resides in the Western District of Texas and that a "substantial part" of the events that form the basis of Plaintiffs' claims transpired outside this district. *Id.* at 3–4.

Pursuant to 28 U.S.C. § 1406(a), a court may dismiss or transfer a case if it has been filed in the "wrong" division or district. 28 U.S.C. § 1406(a). According to 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Defendants argue, and Plaintiffs concede, that none of the Defendants reside in the Western District of Texas. ECF No. 1 at 7; ECF No. 3 at 3. Further, the Plaintiffs admit that the "[n]ormal venue for the Defendants is the Eastern District of Texas, Sherman Division." ECF No. 1 at 7. Therefore, Plaintiffs have failed to demonstrate that this venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

Defendants further argue that venue is improper because "a substantial part of Plaintiffs' claims did not occur in the Western District of Texas." ECF No. 3 at 3. Plaintiffs fail to provide any facts alleging that any of the events or omissions giving rise to their claims occurred in the Western District of Texas. Rather, according to Plaintiffs' Complaint, all events giving rise to Plaintiffs' claims occurred in Hopkins County. ECF No. 1 at 8–23. Therefore, dismissal of Plaintiffs' Complaint for improper venue is appropriate.

## IV. CONCLUSION

Because of the reasons stated above, the Court finds that Defendants Lewis Tatum and Corley Weatherford's Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3) should be **GRANTED**, and all claims against Defendants Lewis Tatum and Corley Weatherford are hereby **DISMISSED WITHOUT PREJUDICE.**

**SIGNED** this 22nd day of January 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE