IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TEXAS GAMEFOWL BREEDERS, STEVE PERRY, JOSE SALAS, JORGE VASQUEZ,<br>   *Plaintiffs,*<br><br>v.<br><br>DEPUTY BARRY WASHINGTON, IN HIS PERSONAL AND OFFICIAL CAPACITY; DEPUTY ARTURO MUNOZ, IN HIS PERSONAL AND OFFICIAL CAPACITY; AND DOES 1-100, INCLUSIVE, ALL JOINTLY AND SEVERALLY;<br>   *Defendants.* | § § § § § § § § § § § § § § § § | W-19-CV-00381-ADA-DTG |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D ALBRIGHT,
   UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 49b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. This matter is before the Court on its own motion. For the following reasons, the undersigned **RECOMMENDS** that the above-styled case be **DISMISSED** for want of prosecution.

     **I.**  **BACKGROUND**

Plaintiffs filed suit on June 19, 2019. This litigation has not proceeded past the pleadings stage. A motion to dismiss was filed by two of the Defendants, and the Court granted the motion to dismiss. ECF No. 3; ECF No. 5. Plaintiffs have not participated in this litigation since they filed an opposition to the motion to dismiss on December 9, 2019.

1

## II.     LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to *sua sponte* dismiss an action for failure to prosecute or failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998*)*. "This authority flows from the [C]ourt's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

## III.     DISCUSSION

Here, the parties failed to comply with the Court's order to file a joint status report within 7 days. The Court's order warned that "[f]ailure to file a status report within 7 days may result in dismissal for want of prosecution." The parties failed to comply with a court order warning of the consequences of their failure to comply. Accordingly, this Court is within its authority to dismiss for want of prosecution.

## IV.     CONCLUSION

The Court **RECOMMENDS** that the Court **DISMISS** this case for want of prosecution.

## V.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED** this 14th day of October, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE